IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN DOUGLAS BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-949-M-BT |
| | § | |
| FEDERAL DEPOSIT INSURANCE | § | |
| CORPORATION, OMNI | § | |
| NATIONAL BANK, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a "Motion to Dismiss or, Alternatively, Motion to Transfer Venue, and Motion to Take Judicial Notice," filed by Defendant Federal Deposit Insurance Corporation (FDIC) in its capacity as Receiver for Omni National Bank (Omni). Mot. (ECF No. 17). For the reasons stated below, the District Court should GRANT the Motion and DISMISS without prejudice all of Plaintiff's claims and causes of action for lack of subject-matter jurisdiction.

**Background**

*Pro se* Plaintiff Stephen Douglas Brown filed his Original Petition in state court on March 20, 2019, wherein he alleges Omni employees carried out a mortgage fraud scam, targeting small business owners and people of color. Ex. C. 5 (ECF No. 1-3). Specifically, Plaintiff asserts that on December 28, 2005, he received a loan from Omni to "flip" a property located in Conyers, Georgia. *Id.*

1

Plaintiff states Mr. Ronald Zieve, "Omni national Bank associates (Paramount Properties Inc.) President of business," introduced him to the business of "flipping houses." *Id*. 6. Plaintiff, however, worked for Paramount Properties, Inc. as a handyman and had his own business "help[ing] many other homeowners and investors." *Id*. Plaintiff states Mr. Zieve sold him his first "flip house project," the Conyers, Georgia property, on December 28, 2005, "with the understanding that his company Paramount Property would sale [sic] the house." *Id*. On December 4, 2007, the Conyers, Georgia property went into foreclosure. *Id*. Then in 2012, Plaintiff alleges he found out Omni was "Closing, due to Bank employees [sic] inside criminal fraud scam." *Id*. He asserts that Omni's president and vice president engaged in illegal activity that caused him to lose his house and business. *Id*. Plaintiff contends he "was targeted because he was black and [sic] ex-convicted felon." *Id*. 8. He also states he "is being targeted of [sic] a drug investigation for pills that was [sic] reported missing by the owner of Paramount Properties Mr. Ronald Zieve." *Id*. Plaintiff alleges he "lost $30,000.00 in loan payments and $100,000.00 loan from Bank." *Id*. 11. Plaintiff also describes other instances for which he blames Omni: having his cell phone stolen in Detroit and his invoices disappear when he attempted to obtain a job with a trucking company. *Id*. 11-12. Plaintiff asserts neither Omni nor FDIC notified him of Omni's "closure due to fraud." *Id*. 12. Plaintiff requests damages totaling $5,653,400.00. *Id*. 15.

  FDIC removed Plaintiff's action on April 18, 2019, on the basis of federal-question jurisdiction. Notice 3 (ECF No. 1); *see* 12 U.S.C. § 1819(b)(2)(A) ("Except

2

as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."); 28 U.S.C. § 1331. FDIC's Notice of Removal states the Office of the Comptroller of the Currency closed Omni on March 29, 2009, and appointed FDIC as receiver. Notice 1. "In its role as Receiver, FDIC[ ] has succeeded to all rights, titles, powers, and privileges of Omni, pursuant to 12 U.S.C. § 1821(c)(3)(A)." Notice 2; *see also* 12 U.S.C. § 1821(d)(2)(A)(i) ("The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to—all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution . . . ."). Subsequently, FDIC filed its Motion to Dismiss all of Plaintiff's claims and causes of action. Plaintiff responded by filing a "Motion to Deny Defendant's Request for Dissmissal [sic]," which the Court construes as a response to FDIC's Motion. Resp. (ECF No. 20). FDIC filed a reply. Reply (ECF No. 24). Accordingly, FDIC's Motion is fully briefed and ripe for determination.

**Legal Standards and Analysis**

FDIC brings its Motion under Federal Rule of Civil Procedure 8(a), 9(b), 12(b)(1), 12(b)(3), and 12(b)(6). As subject-matter jurisdiction is a threshold issue, the Court will consider FDIC's arguments under Rule 12(b)(1) first. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted) (holding that when a motion to dismiss for lack of subject-matter jurisdiction is

3

filed in conjunction with other defenses and objections, the court should consider the jurisdictional attack first).

### 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (citations omitted); *accord Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th

Cir. May 1981); *see also Ramming,* 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted)). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. If the defendant makes a factual challenge, to defeat it, "a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Irwin v. Veterans Admin.,* 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom., Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990)).

## Exhaustion is Jurisdictional

Plaintiff's claims against Defendants should be dismissed for lack of subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. "In enacting [the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ('FIRREA')] Congress established a comprehensive

administrative procedure for the resolution of claims against a failed financial institution held in receivership by the FDIC." *F.D.I.C. v. Scott*, 125 F.3d 254, 257 (5th Cir. 1997); *see also Menlo Inv. Grp., LLC v. Fought*, 2015 WL 512388, at *4 (N.D. Tex. Feb. 5, 2015) (citations omitted). "After the FDIC has been named as receiver for a failed institution, a claimant against the institution is required to present its claim to the FDIC before pursuing a judicial remedy." *Menlo*, 2015 WL 512388, at *4 (citing 12 U.S.C. § 1821(d)(3) & (5)); *see also Scott*, 125 F.3d at 257. "Congress explicitly deprived federal courts of subject matter jurisdiction over claims not so presented . . . ." *Scott,* 125 F.3d at 257 (citing 12 U.S.C. § 1821(d)(13)(D)). When "Congress itself imposes an exhaustion requirement, courts must enforce its express terms." *Id.* (citing *Coit Indep. Joint Venture v. FSLIC,* 489 U.S. 561, 579 (1989)); *see also Townsend v. U.S. Dep't. of Justice Immigration & Naturalization Serv.,* 799 F.2d 179, 181 (5th Cir. 1986) (citing *Eluska v. Andrus,* 587 F.2d 996, 999 (9th Cir. 1978)) ("When exhaustion is statutorily mandated, the requirement is jurisdictional."). The Fifth Circuit holds "that Congress unambiguously crafted an exhaustion requirement in FIRREA." *Scott,* 125 F.3d at 258.

    Specifically, 12 U.S.C. § 1821(d)(13)(D) divests courts of jurisdiction over:

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or

> omission of such institution or the Corporation as receiver.

*Meliezer v. Resolution Tr. Co.*, 952 F.2d 879, 882 n.5 (5th Cir. 1992) (citing 12 U.S.C. § 1821(d)(13)(D)). Instead, claimants must file a claim with the FDIC, which then has 180 days to "determine whether to allow or disallow the claim." 12 U.S.C. § 1821(d)(5)(A)(i); *Meliezer*, 952 F.2d at 881-82. A claimant may file a lawsuit only after he has filed a claim with the receiver, and the receiver has either disallowed the claim, or the 180-day period has expired. *Meliezer*, 952 F.2d at 881-82 (citing 12 U.S.C. § 1821(d)(6)(A)). "If the FDIC denies the claim or does not act on it within 180 days, the claimant has 60 days to request administrative review or to file a lawsuit—or continue an action that was commenced before the appointment of the receiver—in the appropriate federal district court." *Menlo,* 2015 WL 512388, at *4 (citing 12 U.S.C. § 1821(d)(6)(A)); *see also Meliezer*, 952 F.2d at 882. If a claimant does not file a lawsuit within the 60-day period, "the claim is deemed disallowed, the disallowance is final, 'and the claimant shall have no further rights or remedies with respect to such claim.'" *Menlo,* 2015 WL 512388, at *4 (quoting 12 U.S.C. § 1821(d)(6)(B)). Until a claimant completes these steps and exhausts his administrative remedies, "[n]o court can acquire subject matter jurisdiction over the claim." *Id.* (citing 12 U.S.C. § 1821(d)(13)(D); *Meliezer,* 952 F.2d at 882).

Here, Plaintiff brings claims against Omni and FDIC related to a loan he received before Omni's failure. Ex. C. 5, 12 (ECF No. 1-3). Specifically, he alleges that he received a loan from Omni on December 28, 2005, to flip a property and

7

that the property went into foreclosure on December 4, 2007. *See id.* 5-6; Def.'s Br. 10 (ECF No. 18). He further alleges the foreclosure was the result of a mortgage fraud scam and that he was targeted because of his race. Ex. C. 6-8; Def.'s Br. 10. Plaintiff seeks damages as a result of the alleged fraud. Ex. C. 14-15; Def.'s Br. 10. Plaintiff's claims against Omni and FDIC constitute "claim[s] relating to any act or omission of [a depository institution for which the FDIC has been appointed receiver]." *See* 12 U.S.C. § 1821(d)(13)(D). Therefore, for this Court to have subject-matter jurisdiction over Plaintiff's claims, he must first have exhausted his administrative remedies.

  The first step in the exhaustion process requires Plaintiff to file a claim with the receiver, which in this case is FDIC. But, FDIC asserts, Plaintiff has not complied with the administrative claims process. Def.'s Br. 16. According to the Declaration of Terrence D. Holmes, FDIC Claims Administration Analyst, Plaintiff "did not submit [his] claim in writing or any proof to FDIC prior to July 1, 2009, the Claims Bar Date." App. Ex. A 4 (ECF No. 19-1). Additionally, "Plaintiff had not submitted [his] claim in writing or any proof to FDIC," as of March 20, 2019, the date he filed this lawsuit. *Id.* In response, Plaintiff states he "went through so call [sic] administration remedies, only to be told his case was closed on January 31, 2019." Resp. 3. Because FDIC has made a factual challenge to subject-matter jurisdiction, Plaintiff must "submit facts through some evidentiary method" to "prove the existence of subject-matter jurisdiction by a preponderance of the evidence." *Superior MRI Servs.*, 778 F.3d at 504. Plaintiff provides no proof that

8

he exhausted his administrative remedies before filing suit. His conclusory and unsubstantiated assertion that he "went through" the administrative process is not sufficient to prove the existence of subject-matter jurisdiction by a preponderance of the evidence. Consequently, the Court finds Plaintiff has not carried his burden, and, as a result, the Court should dismiss this case without prejudice for lack of subject-matter jurisdiction.

That Plaintiff submitted proof of a claim on May 11, 2019—*after* he filed his lawsuit—does not change the result. The Court still lacks jurisdiction. "[S]ubject matter jurisdiction is tested as of the time of the filing of the complaint." *Whatley v. Resolution Tr. Corp.*, 32 F.3d 905, 907 (5th Cir. 1994) (citation omitted). For this reason, "district courts presiding over actions properly filed prior to the appointment of a receiver continue to be vested with jurisdiction," whereas "FIRREA contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion." *Id.* In this case, FDIC sent Plaintiff a "Late-Discovered Creditor Notice," advising him that while the original "Claims Bar Date" was July 1, 2009, "the [FDIC] may consider claims filed after the Claims Bar Date if: (1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, and (2) the claim is filed in time to permit payment of the claim." App. Ex. A. 4 (citing 12 U.S.C. § 1821(d)(5)(C)(ii)); App. Ex. F. 2 (ECF No. 19-6). The Notice further provided that Plaintiff had until July 11, 2019, to file a claim including evidence that he did not receive notice of FDIC's appointment as receiver in time to file a claim before the Claims Bar Date.

App. Ex. F. 3. Plaintiff filed his claim on May 11, 2019, and as of May 31, 2019, FDIC was evaluating whether Plaintiff's claim satisfied 12 U.S.C. § 1821(d)(5)(C)(ii). App. Ex. A. 5. But no evidence indicates Plaintiff exhausted his administrative remedies *prior* to filing suit. Therefore, the Court lacks subject-matter jurisdiction, and Plaintiff's claims should be dismissed. *See Menlo*, 2015 WL 512388, at *4 (citing 12 U.S.C. § 1821(d)(13)(D); *Meliezer*, 952 F.2d at 882) ("No court can acquire subject matter jurisdiction over the claim until the claimant exhausts its remedies under this administrative procedure.").

The resolution of this jurisdictional issue pretermits consideration of the other grounds raised by FDIC.

## Recommendation

For the foregoing reasons, the Court should GRANT Defendant FDIC's Motion to Dismiss (ECF No. 17) and DISMISS all of Plaintiff's claims without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED**.

December 20, 2019.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).